We'll turn to the second case, Melinda Singh v. Sessions. Good morning, Your Honors. May I please the Court? My name is Gannet Ketacho. I appeared before you this morning representing Mr. Maninder Singh. Mr. Maninder Singh is a citizen of India. He is also a follower of Dera Seja Soda, a religious association or organization that exists in India. Mr. Singh was found to be credible in his asylum. The immigration judge found that he had suffered past persecution as a result of his own attack, the killing of his parents, the burning of his house, his brother's leg being broken. However, the immigration judge denied him asylum because she felt that since he fled to another state, Maharashtra, and lived there in hiding for a year, that he could relocate safely in India, within India. And we do not agree with this. The record does not clearly show that, based on the record, the petitioner, when he was living in Maharashtra, he was not living freely. The only thing he was doing for one year was once a week he was attending his religious function. This does not show that he was free, that he did not have, well, his life was not endangered. The petitioner testified that he fled from that state because a neighbor that he knew when he was living in his former home state called him to let him know that the conservative Sikhs were coming after him. Therefore, he fled India. And I don't, the record does not show that, clearly show that, the record is not developed enough to show that the petitioner, in addition to not being safe in Maharashtra, that he would be able to relocate in any part of India, that he would be safe in any part of India. The immigration judge did not look into whether... Very big country. Yes, there are 29 states in India, Your Honor, and 29 states with different languages, different religions. And he can't, he could not possibly live in any of those. But it's not about living, Your Honor, but when he moves to another, if he decides to move to any of those states, would he be allowed to work? Because in India, even though the government does not pose any restriction, some of the states do not allow outsiders to come and work in their state, to own property, to... That should have been explored, but nothing was explored. The immigration judge just looked at the fact that he was living in Maharashtra for a year, and she felt that because he was living there, and mind you, he was not even moving around, or he was not... He continued to observe or affiliate himself with the DSS. That's a religion. Without any adverse consequence. It was only when he purportedly was told that people might be looking for him that he left, but he had a whole year there while maintaining his affiliations. Yes, but that is to observe his religion belief. I, that may, I mean, he may have taken a risk when he was doing that, but he was not working, he was not moving around, but if he had been working, or if he, because if he, if all he was doing was extending his religion, his religion organization, all of those people are associated with him. So it's not that he's exposing himself to the conservative Sikhs that he's afraid of. If he had been working, and if he had been moving around, then we would know whether he would have been safe or not, but the fact is that he was not. The only thing he was doing was just living in hiding in that state. Our position is that the record does not show that there is, he would be safe in any part of India, or that he would be safely relocated within India with the record as it exists. The court has no questions for me. I will reserve. Thank you very much. Good morning, your honors. May it please the court, Jessica Doggart for the government. The court should deny the petition for review because there is no record evidence that compels the reversal of the internal relocation finding. The court should also deny the petition for review because the board did not abuse its discretion in denying humanitarian asylum. With regard to internal relocation finding, the standard here is high. It is the substantial evidence standard. And under the record that we have before us, it is clear that Mr. Singh was able to internally relocate within India. He lived in a different state from the state in which he was persecuted for over one year, or for approximately one year. He said he was never bothered during that year. He left his house once a week to go to volunteer with the DSS, which was the activity that was the source of the harm that he suffered. And the fact that he spent one full year continuing to engage in this activity demonstrates that he was able to safely relocate. This is exactly like several of this court's case law. If you look at the Singh case at 435F3216, there was no evidence in that case that the harm was countrywide. Just as here, the evidence in the record demonstrates that the DSS is headquartered in the northern part of India. That's at page 126 of the record, and his testimony at 79. And it shows that the problems associated with the DSS are regional. I'm trying to understand the record. Maybe you can be of help. Is there any stay of removal in this situation? I don't have the docket in front of me. I believe there is a stay of removal. If there is a stay filed, then there is a stay. It's denied. Oh, it's denied. Then there's no stay. I apologize for not having the docket in front of me on that. But yes, if the court found that there was no likelihood of success, that should sway this court's ruling as well. As far as you're concerned, the decreed language in this case should simply be the petition for review is denied. Correct. Nothing else has to be acted on. Correct. The petition for review just needs to be denied with respect to the internal relocation and the humanitarian asylum where the two substantive issues raised. With respect to the cat claim, the petitioner briefed the merits of the cat claim. However, the board found that that claim was unexhausted, or it was waived before the board. So any merits claim regarding that relief is unexhausted before this court, as we have in our footnote in our brief. If the court has no questions about humanitarian asylum or any further questions about internal relocation, I submit my time. Thank you very much. Thank you. The petitioner's counsel has reserved two minutes. The record, Your Honor, does not show that the petitioner can safely relocate within India. The one year that the government is referring to and the one year that was used by the judge to deny the asylum claim, the petitioner was virtually a prisoner. He was not moving around. He was inside the house. The only activity he had was once a week when he went to attend his religious function. In addition, DSS is not a regional religion. It's nationwide. It's in the record. The petitioner has testified that it's nationwide. It's a big religion, so it's not limited to one area. Furthermore, we don't even know, based on this record, we don't know whether Sikhs in different parts of India, what their outlook is to supporters of this DSS religion. The judge is just assuming, based on the fact that he attended once a week to go to his temple or to his religious place, that he has no fear of future persecution or he can safely relocate within India. That's not in the record. The record has a lot of things, I think. I think the immigration judge also noted that to the extent the petitioner claimed that his neighbor had warned him that he was being sought. Yes, that's correct. The judge found no corroboration of that? Your Honor, I think he testified that he could not provide corroboration from the neighbor because he has no contact with him. The wife is not living in Maharashtra anymore. She's moving around, so she has no contact with him. There is no way. The petitioner has no—his brother has left the area. His parents are dead. There is no way the petitioner is going to contact this neighbor in order to get corroborating evidence from him. And since the immigration judge has already accepted his testimony and found him credible, the fact that his neighbor told him, she cannot just say that I don't believe that. She has already accepted his testimony as to be fruitful. The Court has no more questions for me. Thank you. We'll reserve the decision.